UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAY LEFORT, ET AL.                          CIVIL ACTION

VERSUS                                      NO: 15-1245

ENTERGY CORP., ET AL.                       SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 9)** filed
by plaintiffs Jay Lefort and Darlene Lefort, individually and on
behalf of Daniel Lefort, Darby Lefort, and Jayden Lefort
("Plaintiffs").  Defendants Entergy Corp., Entergy Services,
Inc., Entergy Gulf States Louisiana, L.L.C., Entergy Louisiana,
LLC, Entergy New Orleans, Inc., and Associated Electric & Gas
Insurance Services, Ltd. ("Defendants") have filed a joint
opposition to the motion.  The motion, set for hearing on June 3,
2015, is before the Court on the briefs without oral argument.

### I.  BACKGROUND

The instant case was originally filed by Plaintiffs in the
Civil District Court for the Parish of Orleans, Louisiana, on
April 2, 2015.  Plaintiffs allege that Daniel Lefort, a minor
child, made contact with an overhead power line while using a
pool net to clean leaves from the family pool.  As a result,
electricity provided by Entergy transferred from the power line
owned by Entergy to Daniel via the pool net, rendering him
unconscious and causing severe injuries.  Upon hearing the sound

of an electrical impact, Daniel's father ran outside, found
Daniel unconscious, and began to administer CPR.  The other
family members arrived on the scene shortly thereafter.

Plaintiffs bring an action under Louisiana law alleging
several theories of negligence.  In addition to the Entergy
defendants, Plaintiffs named "AEGIS Insurance Services, Ltd." in
their Complaint as a foreign insurer that may be served through
the Louisiana Secretary of State.  Plaintiffs went on to state
that "Defendant, AEGIS, was, upon information and belief, either
in its own capacity or through one or more of its agents,
subsidiaries, related or affiliated insurers, the insurer for
Defendant, Entergy, and is made a defendant pursuant to the
Louisiana Direct Action Statute, La. Rev. Stat. 22:655."

Associated Electric & Gas Insurance Services, Ltd., stating
that it had been incorrectly named in Plaintiffs' Complaint as
AEGIS Insurance Services, Ltd., filed its notice of removal on
April 20, 2015.

Via the instant motion, Plaintiffs move to remand this case
to state court.  Plaintiffs urge that the Court lacks subject
matter jurisdiction over this case because it was removed by a
non-party.  Thus, they contend that the case should be remanded
and Plaintiffs can then "1) amend their petition and name as a
defendant Associated Electric & Gas Insurance Services, Limited;
2) amend their petition and name as a defendant AEGIS Insurance

2

Services, Inc.; or 3) dismiss AEGIS Insurance Services, Ltd. and forego their direct action claim altogether." In the alternative, Plaintiffs seek to have their state law claims severed and remanded.

## II. <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Co.*, 243 F. 3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a suit lies outside this limited jurisdiction until jurisdiction is established. *Id.* When a case is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1994); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)(citing *Willy*, 855 F.2d at 1164).

## III. <u>ANALYSIS</u>

Plaintiff argues that on April 2, 2015 it filed its suit against AEGIS Insurance Services, Ltd., not Associated Electric &

Gas Insurance Services, Ltd.  On April 15, 2015, Plaintiffs received a letter from the Louisiana Secretary of State that AEGIS Insurance Services, Ltd. does not exist.  Plaintiffs have since identified the existence of yet another entity – AEGIS Insurance Services, Inc.  They allege that these are "entirely separate entit[ies]."

Plaintiffs, pointing to a recent unpublished Fifth Circuit case, argue that a non-party may not remove a case, thereby invoking a federal court's jurisdiction.  They contend that Defendants' removal is based on their admission that they are an "incorrectly named" party.  Plaintiffs argue that, as "masters of their complaint," it should be left to them to make any edits to their pleadings and that the Court cannot effect its own substitution to cure the defect.

Defendants respond that Plaintiffs rely on an overly technical point and that the case was removed by a mis-named party, not a non-party.  Defendants note that Plaintiffs are clearly trying to sue Entergy's insurer.  The insurer is Associated Electric & Gas Insurance Services, Ltd., which does business as AEGIS.  They further note that AEGIS Insurance Services, Inc. is actually a "wholly-owned managing general agent of [Associated Electric & Gas Insurance Services, Ltd.], which provides professional staff and services to [Associated Electric

& Gas Insurance Services, Ltd.]."[1]

Plaintiffs reply, stating for the first time that they "[c]learly . . . intended to sue AEGIS Insurance Services, Inc., a New Jersey corporation, believing that it was the insurer of Entergy."  They contend that they should not have to rely on Defendants' representation in their opposition that this entity is a staffing service for Associated Electric & Gas Insurance Services, Ltd., and that they are entitled to discovery from all parties.  They state the insurance policy makes the importance all the more clear, as the one purportedly issued by Associated Electric & Gas Insurance Services, Ltd. covers only where "in excess" of $3,000,000.

Both parties cite two cases from the Fifth Circuit, *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006), and *De Jongh v. State Farm Lloyds, Inc.*, 555 F. Appx. 435 (5th Cir. 2014).  In *Salazar*, the plaintiff sued an entity named Allstate Texas Lloyd's, Inc. regarding insurance coverage for damage to his house, as opposed to Allstate Texas Lloyd's Company (based in Illinois) which actually underwrote the policy at issue.  *Salazar*, 455 F.3d at 572.  Allstate Texas Lloyd's, Inc. removed the case, contemporaneously filing motions to dismiss itself and to join Allstate Texas Lloyd's Company as the actual

_____

[1] Defendants have since filed an amended corporate disclosure reiterating this relationship.  (Rec. Doc. 16).

5

insurer, arguing that the plaintiff was trying to improperly avoid federal jurisdiction by not suing the diverse Allstate Texas Lloyd's Company.[2]  *Id.*  The district court granted both motions.  On appeal, the Fifth Circuit stated the question before it is "whether a district court can create removal jurisdiction based on diversity by substituting parties." *Id.* at 573.  After a consideration of several possible bases, the Fifth Circuit concluded that "[FRCP] 21 does not allow for substitution of parties to create jurisdiction.  The district court therefore abused its discretion by adding Allstate Illinois as a defendant, dropping Allstate Texas from the suit, and thereby asserting removal jurisdiction based on diversity." *Id.* at 575.

In 2014, in an unpublished opinion,[3] the Fifth Circuit considered a case with similar facts where the plaintiff sued State Farm Lloyd's, Inc. for insurance coverage issues arising out of damage to her home. *De Jongh*, 555 F. Appx. at 436.  State Farm filed an answer in state court asserting that it had been

---

[2] Texas law, which applied to the insurance policy in the cited case, provides for what it terms a "Lloyd's plan insurer" which is a group of underwriters who join together to issue insurance through an "attorney in fact" who is not a member of the group. *Salazar*, 455 F.3d at 572 n.1.  In the cited case, Allstate Texas Lloyd's, Inc. served as the attorney in fact while Allstate Texas Lloyd's Company was the underwriter. *Id.*

[3] As cited at the beginning of that opinion, "[The *De Jongh*] opinion . . . is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4." *De Jongh*, 555 F. Appx. at 436.

incorrectly named as State Farm Lloyd's, Inc.[4]  *Id.*  Without
moving the state court to allow it to intervene or substitute,
State Farm removed the case based on diversity jurisdiction.  *Id.*
The Fifth Circuit vacated the judgment in that case, finding that
the court had no subject matter jurisdiction.  *Id.* at 439.  That
court stated, citing *Salazar*, "[O]nly a defendant may remove a
civil action from state court to federal court.  A non-party,
even one that claims to be a real party in interest, lacks the
authority to institute removal proceedings."  *Id.* at 437.

     The Court finds that these cases do not stand for the broad
proposition for which Plaintiffs cite them.  First, *Salazar*
explicitly seeks to remedy the manufacturing of diversity
jurisdiction by *sua sponte* substitution where there would
otherwise be none.  *Salazar*, 455 F.3d at 572.  Although *De Jongh*
is more broadly phrased, it effectively addressed the same
situation.  *De Jongh*, 555 F. Appx. at 438 ("In *Salazar*, we held,
under facts nearly identical to those here, that a district court
cannot 'create removal jurisdiction based on diversity by
substituting parties.'").  Further, contrary to appellees'
arguments that the plaintiff had simply misnamed the correct
party in that case, the Fifth Circuit stated "critical to this
analysis [that this is not a case of simply misnaming the

---

     [4] Similar to the scenario in *Salazar*, State Farm underwrote the
policy while State Farm Lloyd's, Inc. was merely the "attorney in
fact" in the Lloyd's plan.  *Id.* at n.1.

intended defendant] is the fact that Jongh – the author of the petition – disputes State Farm's assertion that she named Lloyds as a defendant in her original petition in error." *Id.* at n.4.

The basis of jurisdiction in the present case is federal question jurisdiction via the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 200, et seq. This is a critical distinction from the above cases, as the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case. Instead, Plaintiffs sought via their petition to sue Entergy's insurer. They misnamed the insurer, naming instead a non-existent entity. Importantly, they do not maintain a contention that the non-existent entity is indeed who they wanted to sue; rather, they state that they wanted to sue Entergy's insurer. The actual insurer answered, admitting it is Entergy's insurer, and asserted its federal defense allowing it to remove the case. *See Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002)("[Unlike] most other forms of federal question jurisdiction[, § 205] permits removal on the basis of a federal defense."). This is a simple misnaming mistake on part of Plaintiffs, and the Court will consider Associated Electric & Gas Insurance Services, Ltd. as the properly-named party.

Absent controlling authority, this Court will not impose such an illogical reading on what it construes as a procedural

defect. To hold otherwise in a case like this would be to immediately call into doubt the jurisdictional bases in an untold number of cases where a minor mistake has been made in naming but both parties are otherwise in concert about the intended party and their involvement in the proceedings.

Finally, Plaintiffs ask in the alternative, should the Court deny the motion to remand, that the claims against the other defendants be severed and remanded. Plaintiffs point to 28 U.S.C. § 1441(c) which provides for the remand of additional claims "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." Plaintiffs note the related legislative history which explained that this section's language "permit[s] removal of the case but require[s] that a district court remand unrelated state law matters." H.R. Rep. No. 112-10, at 12 (2011).

The cited statutory language, as applied to this case, does not require severing and remanding any of the other claims. The issues addressed in claims against the insurer will go far beyond application of the arbitration clause to include many of the state-law claims, and the Court, in its discretion, declines to sever and remand the other claims.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by Plaintiffs is **DENIED**.

August 18, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

10