UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAY LEFORT ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-1245 |
| ENTERGY CORPORATION ET AL. | SECTION A(5) |

### ORDER AND REASONS

Before the Court is Plaintiffs' **Motion to Dismiss Party AEGIS Insurance Services, Ltd. And/Or All Louisiana Direct Action Claims (Rec. Doc. 22)**. Defendants oppose the motion. The motion, set for submission on October 7, 2015, is before the Court on the briefs without oral argument. For the following reasons, the motion is **GRANTED** and AEGIS is therefore **DISMISSED WITHOUT PREJUDICE**.

I.   Background

The instant case was originally filed by Plaintiffs in the Civil District Court for the Parish of Orleans, Louisiana, on April 2, 2015. Plaintiffs allege that Daniel Lefort, a minor child, made contact with an overhead power line while using a pool net to clean leaves from the family pool. The electricity from this contact rendered Daniel unconscious and caused severe injuries. Upon hearing the sound of an electrical impact, Daniel's father ran outside, found Daniel unconscious, and began to administer CPR. The other family members arrived on the scene shortly thereafter.

Plaintiffs bring an action under Louisiana law alleging several theories of negligence. In addition to the Entergy defendants, Plaintiffs originally named "AEGIS Insurance Services, Ltd." in their Complaint as a foreign insurer that may be served through the Louisiana Secretary of State. Plaintiffs went on to state that "Defendant, AEGIS, was, upon information and belief, either in its

1

own capacity or through one or more of its agents, subsidiaries, related or affiliated insurers, the insurer for Defendant, Entergy, and is made a defendant pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. 22:655."

On April 20, 2015, Associated Electric & Gas Insurance Services, Ltd., ("AEGIS") removed the case, stating that it had been incorrectly named in Plaintiffs' Complaint as AEGIS Insurance Services, Ltd. AEGIS removed on the basis of federal question jurisdiction. Federal question jurisdiction exists pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), because the subject matter of this lawsuit relates to an arbitration agreement that falls under the Convention – specifically, an arbitration agreement in the policy contract between the Entergy entities and their insurer, AEGIS. Plaintiffs then filed a Motion to Remand (Rec. Doc. 9) on May 18, 2015. The Court denied this motion.

## II.     The Motion to Dismiss Party

In the instant motion, Plaintiffs seek to dismiss AEGIS. Plaintiffs seek "to avoid the potential imposition of an arbitration clause in an insurance contract between Entergy and AEGIS, of which Plaintiffs were not a party." (Rec. Doc. 22–1). Defendants have asserted that Plaintiffs will be subjected to the clause since Plaintiffs have utilized the Direct Action Statute and stepped into Entergy's shoes.

Defendants counter that, by filing this motion to dismiss AEGIS, Plaintiffs are forum-shopping – Defendants suggest that if the Court dismisses AEGIS, the Court loses its federal question jurisdiction and the case must return to state court. Defendants assert that AEGIS will be prejudiced by a dismissal because it will be deprived of its defense of mandatory arbitration. Defendants assert that AEGIS would further be prejudiced because it would be deprived of the

opportunity to defend itself in an action where it would remain potentially liable to pay a portion of the judgment.

### III. Law and Analysis

Rule 41(a)(2) allows an action to be dismissed at the plaintiff's request on terms that the court considers proper. Fed.R.Civ.P. 41. The Fifth Circuit has held that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990)). The Fifth Circuit has explained that the primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (citing *Manshack*, 915 F.2d at 174). The rule is "not a bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Manshack*, 915 F.2d at 174 (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)).

The Fifth Circuit has instructed district courts to "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Elbaor*, 279 F.3d at 317. If it will not, the court "should generally, absent some evidence of abuse by the movant, grant the motion." *Id.* The Fifth Circuit has held that a court can refuse voluntary dismissal when a plaintiff does not seek dismissal "until a late stage and the defendants have exerted significant time and effort." *John M. Crawley, L.L.C. v. Trans–Net, Inc.*, 394 Fed. App'x 76, 79 (5th Cir. 2010) (quoting *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir.1990)).

The Court finds that AEGIS will not suffer any plain legal prejudice here. AEGIS has not yet exerted significant time and effort in defending this suit. As Plaintiffs point out, AEGIS has not served Plaintiffs with any written discovery requests, and AEGIS has not responded to any

discovery requests. Further, the parties have not taken any depositions. AEGIS argues that it will suffer plain legal prejudice because it will be deprived of its defense of mandatory arbitration. After reviewing the case law AEGIS cites for this proposition, the Court is not persuaded by this argument.

The Court further finds that there has been no "abuse by the movant" that would prevent this Court from granting this motion for dismissal. Plaintiffs have asserted that the motive for dismissing AEGIS is to avoid the imposition of an arbitration clause in an agreement to which the Plaintiffs were not a party. The Court finds that seeking dismissal in order to obtain a jury trial is not "abuse by the movant" but instead a valid basis for seeking dismissal. *See* 9 C. Wright, A. Miller, et al., Federal Practice and Procedure § 2364 (3d ed. 2015) (citing *In re Empire Coal Sales Corp.*, 45 F. Supp. 974 (S.D.N.Y. 1942), *aff'd*, *Kleid v. Ruthbell Coal Co.*, 131 F.2d 372 (2nd Cir. 1942)).

Since the Court is permitting Plaintiffs to dismiss AEGIS, the Court loses its subject matter jurisdiction, as it was based on AEGIS' defense to Plaintiffs' claims.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Party AEGIS Insurance Services, Ltd. And/Or All Louisiana Direct Action Claims (Rec. Doc. 22)** is **GRANTED** and AEGIS is therefore **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that this case is **REMANDED** to state court.

November 9, 2015

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE